UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NATIVE PLANT SOCIETY, et al., | No. C 06-3604 PJH |
| Plaintiffs, | **ORDER GRANTING MOTION TO WITHDRAW** |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |
| ─────────────────────────── | |
| SUNRIDGE-ANATOLIA, LLC, et al., | |
| Defendant-Intervenors. | |
| ─────────────────────────── | |

Before the court is Cox, Castle & Nicholson LLP's ("Cox Castle") motion to withdraw as counsel of record in this matter for defendant-intervenor Douglas Grantline103 Investors, LLC ("DG 103"). Neither federal defendants nor defendant-intervenors oppose the motion. Plaintiffs have declined to take a position on the motion. For the reasons stated below, Cox Castle's motion is GRANTED.

According to Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b). In this district, the conduct of counsel, including withdrawal of counsel, is governed

by the standards of professional conduct required of members of the State Bar of California.  See Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F.Supp. 1383, 1387 (N.D. Cal. 1992).   Under California Rule of Professional Conduct 3-700(C)(1)(f),  an attorney may request permission to withdraw if the client breaches an agreement or obligation to the member as to expenses or fees.  The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court.  LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

In the present case, Cox Castle seeks to withdraw as counsel of record for DG 103 on the ground that DG 103 will no longer pay for Cox Castle's legal representation in this matter.  In support of their motion, Cox Castle submitted the declaration of Brian Cutting ("Cutting"), Project Manager for DG 103.  In his declaration, Cutting attests that DG 103 consents to Cox Castle's withdrawal.  Decl. of Cutting ¶ 6.  Cutting also attests that withdrawal will not result in any reasonably foreseeable prejudice to DG 103's rights, Decl. of Cutting ¶ 5, insofar as DG 103 will no longer have an interest in the Douglas Road 103 property given that the property is in foreclosure.  Finally, while Cox Castle's motion to withdraw as counsel for DG 103 is not accompanied by a simultaneous appearance of substitute counsel or agreement by DG 103 to appear pro se, Cutting attests that Cox Castle is willing to continue to accept service of papers for forwarding purposes in the event DG 103 appears in this matter by other counsel or pro se.  Decl. of Cutting ¶ 6.

After reviewing the papers submitted by the parties and the reasons for withdrawal noted by Cox Castle, the court concludes that there is good cause to grant Cox Castle's motion. Because DG 103 is a limited liability corporation, however, it must be represented by a licensed attorney.  See L.R. 3-9(b); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506  U.S. 194, 202 (1993) (corporations and other artificial entities, including limited liability companies, may only  appear in federal court through licensed counsel).  Thus, in order to proceed in the instant action, DG 103 must obtain new counsel.  DG 103 has thirty days to obtain new counsel, subject to its dismissal as a defendant-intervenor if it does not.  New counsel need only file a notice of appearance by

December 15, 2008.  In the interim, papers shall continue to be served for forwarding purposes on Cox Castle.  Accordingly, it is hereby ordered that Cox Castle's motion to withdraw is GRANTED.

**IT IS SO ORDERED**

Dated: November 14, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge