UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA NATIVE PLANT SOCIETY, et al.,

       Plaintiffs,

  v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

       Defendants.
_____/

No. C 06-3604 PJH

**ORDER DENYING MOTION TO ALTER AND AMEND JUDGMENT**

     Now before the court is the motion of plaintiffs California Native Plant Society, Defenders of Wildlife, and Butte Environmental Council to alter and amend the order and judgment awarding attorney's fees and costs. The court determines that the matter is suitable for decision without oral argument, and VACATES the motion hearing. Having carefully reviewed the papers and considered the relevant legal authority, the court rules as follows.

     Plaintiffs seek to alter or amend judgment under Federal Rules of Civil Procedure 59(e) and 60(a) and (b). Plaintiffs ask the court to reconsider its December 19, 2013 order and judgment, and to apply market rates rather than the statutory rates. While the court enjoys considerable discretion in granting or denying a Rule 59(e) motion, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam)). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable

evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.* "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Rule 60(a) allows the court to correct a clerical mistake or mistake arising from oversight or omission. Rule 60(b) allows the court to provide relief from a final judgment if the moving party can show (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiffs contend that the court's application of the statutory rates set forth in the Equal Access to Justice Act, as adjusted by the Ninth Circuit, constituted manifest error under either Rule 59(e) or Rule 60(b). Mot. at 2-3 and n.2. Plaintiffs contend that the court made two errors in applying the EAJA statutory rates. First, plaintiffs argue that the court did not review the case as a whole, and that "[e]ven assuming the Conceptual Strategy claim was straightforward because it raised a jurisdictional issue, the lawsuit included other claims against the individual project approvals under NEPA, the Endangered Species Act (ESA), and the Clean Water Act (CWA) that required counsel's specialized skill." Mot. at 5-6. Plaintiffs refer in passing to the jurisdictional issue raised by their first NEPA claim challenging the Conceptual Strategy, on which they did not prevail in their motion for preliminary injunction. See doc. no. 128 at 22 ("Because the Conceptual Strategy does not constitute final agency action or major federal action, the Court concludes that Plaintiffs have not shown that they are likely to succeed on their First Cause of Action."). Upon finding that plaintiffs were prevailing parties and in determining reasonable fees, the court

considered that "plaintiffs did not prevail on their claims under NEPA and ESA challenging the overarching conceptual strategy, which was the subject of the parties' jurisdictional discovery and discovery disputes from about August 2007 to October 2008." Doc. no. 335 at 12. In the order granting plaintiffs' fee motion, the court reviewed billing summaries and considered the plaintiffs' attorneys' work on the claims against defendants, not only the second NEPA claim on which plaintiffs prevailed on their motion for preliminary injunction, but also the unsuccessful claims and the claims that were added in the second and third amended complaints after the preliminary injunction was issued. After reviewing the procedural history of the case, the court determined that in the course of litigation following the court's issuance of the preliminary injunction, "no dispositive motions were filed in this case and plaintiffs have not demonstrated that counsel's distinctive knowledge, though advantageous, was required by this litigation." Doc. no. 335 at 10. Plaintiffs fail to demonstrate that the court failed to consider whether specialized skill was "needful for the litigation in question." Pierce v. Underwood, 487 U.S. 552, 572 (1988).

Second, plaintiffs suggest that the court erred because (a) plaintiffs' "other NEPA claim succeeded -- as evident by the seven-year injunction -- and [(b)] required specialized skill by Plaintiffs' counsel." Mot. at 8. As to the first phrase of plaintiffs' argument, the order awarding fees clearly recognized that plaintiffs succeeded on their "other NEPA claim," i.e., the second NEPA claim alleging failure to follow proper NEPA procedures in its EAs, and plaintiffs have not demonstrated manifest error of law or fact on that basis. As to the second phrase of plaintiffs' argument in support of their motion to alter or amend the judgment, plaintiffs reiterate their arguments that the litigation required distinctive knowledge or specialized skill so as to warrant an award of fees at market rates rather than the statutory rates. The court considered and rejected these arguments in awarding fees at the maximum statutory rates authorized by EAJA:

> While a specialty in environmental law could be a special factor warranting an enhancement of the statutory rate in some cases, the court finds that "counsel's specialized skill was not needful for the litigation in question." Thangaraja [v. Gonzales, 428 F.3d 870, 876 (9th Cir. 2005)] (citation and quotation marks omitted). "The fact that

3

> prevailing hourly rates in a community might dissuade attorneys from taking a case at [the statutory] hourly rate was not the type of 'limited availability' that Congress had in mind, since implicit in the language of § 2412(d) was a Congressional determination that [the statutory rate] was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be." Pirus v. Bowen, 869 F.2d 536, 541 (9th Cir. 1989) (quoting Pierce v. Underwood, 487 U.S. 552, 572 (1988)).

Doc. no. 335 at 10.  Accordingly, plaintiffs have not demonstrated clear or manifest error to warrant reconsideration of the order awarding fees, or alteration or amendment of the judgment.

For the reasons set forth above, plaintiffs' motion to alter and amend the December 19, 2013 order and judgment is DENIED.

**IT IS SO ORDERED.**

Dated: February 10, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge